UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.  　　　　　　　　　　　　　　　Case Nos.:　3:19cr96-TKW/MAL
　　　　　　　　　　　　　　　　　　　　　　　　　3:22cv7612-TKW/MAL

DENNIS A. TOOMER,
　　　Defendant.

## **REPORT AND RECOMMENDATION**

This matter is before me on Defendant Dennis A. Toomer's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Defendant's supplement, the Government's response in opposition, and Defendant's reply.[1] ECF Nos. 77, 81, 80, 85. After review of the record and relevant law, this Court recommends the § 2255 motion be denied without an evidentiary hearing because Defendant failed to establish that he is entitled to relief. *See* Rules Governing § 2255 Cases 8(a)–(b).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

I.  BACKGROUND

On August 20, 2019, a federal grand jury charged Defendant with the unlawful possession of a firearm by a convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). ECF No. 1. The indictment listed eleven prior felony convictions. *Id.* On November 7, 2019, Defendant entered a guilty plea. ECF No. 32.

Defendant's Presentence Investigation Report (PSR) assessed his base offense level at 24. ECF No. 58, PSR ¶ 26. Defendant received adjustments for using the firearm in connection with another felony and obstruction of justice. *Id.* ¶¶ 27, 30. Because Defendant was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), he also received a Chapter Four enhancement under §4B1.4 of the Sentencing Guidelines. *Id.* ¶ 32. For purposes of the ACCA enhancement, the PSR identified a total of four qualifying offenses which were: two convictions for felony battery, one conviction for sale of cocaine, and one conviction for resisting an officer with violence. *Id.* ¶¶ 57, 66, 56, 61. The adjustments resulted in Defendant having a total offense level of 34. *Id.* ¶ 34. With a criminal history category of VI (*id.* ¶ 74), Defendant's advisory guidelines range

was 262 to 327 months. *Id.* ¶ 128. Furthermore, Defendant's statutory penalty was enhanced under the ACCA to 15 years to life. *Id.* ¶¶ 3, 127.

Defendant objected to the ACCA enhancement, claiming that he did not have the three or more qualifying convictions needed for the enhancement. ECF Nos. 39, 40. Defendant argued that the two felony battery convictions[2] and the sale of cocaine conviction were not qualifying convictions under the ACCA. ECF Nos. 39, 40.[3] Defendant did not object to his resisting an officer with violence conviction being used as an ACCA predicate. In response, the Government submitted the state court charging documents and judgments of conviction, which established Defendant had a 2003 felony battery conviction in violation of Section 784.03(2), Florida Statutes; a 2012 felony battery conviction in violation of Section 784.03(1)–(2), Florida Statutes; a 2001 sale of cocaine conviction in violation of Section 893.13(1)(a), Florida Statutes; and a 2007 resisting an officer with violence conviction in violation of Section 843.01, Florida Statutes. ECF No. 45. At Defendant's sentencing hearing,

---

[2] While Defendant only addressed the 2003 felony battery conviction (ECF No. 58, PSR ¶ 57) in his written objection, Defendant later objected to both felony battery convictions (*Id.* ¶¶ 57, 66) at his sentencing hearings. *Compare* ECF. No. 39 at 7–8, *with* ECF Nos. 66, 67.

[3] Defendant also objected to his other convictions of aggravated battery on a pregnant woman and assault with intent to cause physical injury being used as predicates for the ACCA enhancement. ECF No. 39 at 3–7, 8–9. However, these convictions were not used as the basis for Defendant's ACCA enhancement. ECF No. 58, PSR ¶ 32.

the district court found that the two felony battery convictions were for bodily-harm battery, which can serve as a predicate for an ACCA enhancement. ECF No. 66 at 64; ECF No. 67 at 19. The court also found that the cocaine conviction was a qualifying conviction under the ACCA. ECF No. 66 at 9. Therefore, the court overruled Defendant's objections and determined that the ACCA applied. ECF No. 67 at 19. The court applied a two-level reduction for acceptance of responsibility, which changed Defendant's guidelines range to 210 to 262 months. *Id.* at 20. The court sentenced him to a term of 240 months' imprisonment. *Id.* at 36; ECF No. 54.

Defendant appealed, arguing that his two prior felony battery convictions did not qualify as "violent felonies" under the ACCA. ECF No. 74 at 2. Defendant asserted that the district court erroneously considered non-*Shepard* documents in determining that these convictions constituted "violent felonies." *Id.* at 5. The Eleventh Circuit rejected his arguments, finding them to be foreclosed by Supreme Court and Circuit precedent. *Id.* at 6–8. The court affirmed his sentence on February 22, 2021.

Over a year later, Defendant filed the instant petition on May 31, 2022, asserting two grounds for relief. He filed a supplement to the petition on August 16, 2022, raising a third ground. His three grounds for relief all challenge the application

of the ACCA enhancement. Defendant first claims his two battery convictions can no longer serve as predicates for the ACCA enhancement in light of *United States v. Borden*, 593 U.S. 420 (2021). His second ground is that the trial court erroneously applied the residual clause of the ACCA, which was invalidated by *Johnson v. United States*, 576 U.S. 591 (2015). Lastly, he asserts that his sale of cocaine conviction can no longer be used as an ACCA predicate after *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) [hereinafter *Jackson I*].

The Government filed its response to the motion on August 3, 2022, before Defendant filed his supplement. The Government opposes the first two grounds. The Court did not require the Government to address the third ground.[4]

## II.   ANALYSIS

### A. Standards for § 2255 Motions

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). A

---

[4] Although the Government filed its response before Defendant filed the supplement, the Government preemptively addressed the third ground. ECF No. 80 at 10–11, n.3. The Government acknowledged *Jackson I* prohibits Florida sale of cocaine convictions between 1994 and 2004 from being used as ACCA predicates. *Id.* The Government disagreed with the analysis in *Jackson I*, but maintained that the ACCA still applied to Defendant because, even without the sale of cocaine offense, Defendant would still have three qualifying offenses for an ACCA enhancement. *Id.*

prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

An evidentiary hearing for a § 2255 motion is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). To be entitled to a hearing, a defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop−Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

B. Timeliness

Defendant filed his § 2255 motion and supplement beyond the one-year period of limitations in § 2255(f)(1). Section 2255(f) provides a one-year statute of limitations for § 2255 motions, stating:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[5]

The Eleventh Circuit Court of Appeals affirmed Defendant's sentence on February 22, 2021. ECF No. 74. Defendant had 90 days thereafter to file a petition for writ of certiorari with the United States Supreme Court, that is until May 24, 2021. Sup. Ct. R. 13.1, 13.3. Defendant's conviction therefore became final for purposes of § 2255(f)(1) on May 24, 2021. *Id.* at 13.3; *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (holding that for purposes of § 2255, a conviction becomes final when the 90-day period for seeking certiorari from the United States Supreme Court expires). Defendant filed his § 2255 motion on May 31, 2022, which is one year and seven days after his conviction became final. Therefore, his claims are untimely under § 2255(f)(1).

---

[5] 28 U.S.C. § 2255(f).

Ground One, Defendant's claim that his battery convictions are not ACCA predicates under *Borden*, however, may be timely under § 2255(f)(3). When a new rule alters the range of conduct or the class of persons that the law punishes, it is considered a newly recognized right that applies retroactively. *Welch v. United States*, 578 U.S. 120, 129 (2016). The Supreme Court's decision in *Borden* altered the range of conduct that could qualify for an ACCA enhancement. *See Borden*, 593 U.S. at 429 (holding that an offense that criminalizes reckless conduct may no longer constitute a "violent felony" under the ACCA). If *Borden* applies retroactively, then Defendant had one year from the date the Supreme Court decided *Borden* on June 10, 2021, to file this motion. As Defendant filed this motion before June 10, 2022, this claim would be timely.

However, Defendant's second claim, which is based on *Johnson*, is untimely under § 2255(f)(3). While Johnson recognized a new rule that applied retroactively, the case was decided on June 26, 2015. *Johnson*, 576 U.S. at 591; *see Welch*, 578 U.S. at 130 (finding that *Johnson*, which invalidated the residual clause of the ACCA, established a newly recognized right that applied retroactively). Therefore, Defendant's motion is untimely as it is well past the one-year statute of limitations in § 2255(f)(1) and (f)(3). There is no indication that this claim would be timely

under § 2255(f)(2) or (f)(4) regarding governmental impediment or newly discovered evidence.

Furthermore, Defendant's *Jackson I* claim, Ground Three, is untimely under § 2255(f)(3). *Jackson I* was decided by the Eleventh Circuit Court of Appeals on June 10, 2022. Section 2255(f)(3) applies to rights that are recognized and made retroactive by the Supreme Court. *Jackson I* is not a Supreme Court case nor has the Supreme Court recognized this right as retroactive. *See Simmons v. United States*, No. 8:17-CR-537-CEH-AAS, 2024 WL 837244, at *3 (M.D. Fla. Feb. 28, 2024) ("Simmons's claim based on *Jackson* is also untimely under section 2255(f)(3) because *Jackson* is not a Supreme Court decision, or one that recognizes a newly retroactive right."); *Weaver v. United States*, No. 8:17-CR-163-WFJ-CPT, 2023 WL 4947937, at *2 (M.D. Fla. Aug. 3, 2023) ("The § 2255 motion cannot be timely under *Jackson* because it is an Eleventh Circuit Court of Appeals' decision. Section 2255(f)(3) applies only to new rights "recognized by the Supreme Court"—not the Eleventh Circuit or any other court."). Therefore, Defendant's third ground based on *Jackson I* is untimely under § 2255(f)(1) and (f)(3). Like the *Johnson* claim, there is no indication that this claim would be timely under § 2255(f)(2) or (f)(4) regarding governmental impediment or newly discovered evidence.

Regardless of the issue of timeliness, this Court will address the merits of Defendant's three grounds.

C. Defendant's Grounds for Relief

1. Ground One—Wrongful Application of the ACCA in light of *Borden*

Defendant's first ground for relief is that his sentence was improperly enhanced under the ACCA in light of the Supreme Court's June 10, 2021, opinion in *United States v. Borden*, 593 U.S. 420 (2021). ECF No. 77 at 14. Defendant asserts that because a criminal offense with a mens rea of recklessness can no longer satisfy the use of force element required for a "violent felony," the district court should not have used his prior felony battery convictions as qualifiers for the ACCA enhancement. *Id.* Defendant contends his felony battery convictions involved merely reckless conduct because he did not plan or intend to cause harm. *Id.*

The ACCA applies when a defendant has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B). In *Borden*, the Court held that use of force "against the person of another" requires a purposeful and conscious act towards

another person. 593 U.S. at 443. Therefore, where a crime only requires a mens rea of recklessness, it is not a "violent felony" for purposes of the ACCA enhancement. *Id.*

The *Borden* Court reiterated that "the facts of a given case are irrelevant." 593 U.S. at 424; *see also Johnson*, 576 U.S. at 596 ("A court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'") (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). The focus is on the elements of the specific crime and whether the least culpable act under those elements shows a purposeful or knowing act towards another. *Borden*, 593 U.S. at 424.

Here, the district court and the Eleventh Circuit on direct appeal determined that Defendant's two convictions for felony battery were for bodily-harm battery. A person commits bodily-harm battery by "[i]ntentionally caus[ing] bodily harm to another person." § 784.03(1)(a)2., Fla. Stat.[6] Bodily-harm battery is a violent felony

---

[6] Bodily harm battery under § 784.03(1)(a)2 is ordinarily a misdemeanor offense. It can be charged as a felony, however, if the person has a prior battery conviction. § 784.03(2), Fla. Stat. Defendant's bodily-harm battery convictions were felonies.

because a conviction requires proof that "the defendant caused bodily harm to another person, and he did so intentionally." *United States v. Gandy*, 917 F.3d 1333, 1340 (11th Cir. 2019) (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010)).[7] Therefore, Defendant's two bodily-harm battery convictions are "violent felonies" under the ACCA, consistent with *Borden*. Ground One therefore fails on its merits.

2. Ground Two—Wrongful Application of the ACCA in light of *Johnson*

Defendant's second ground is that the district court improperly applied the ACCA enhancement under the residual clause, which was invalidated by the Supreme Court in *Johnson v. United States*. ECF No. 77 at 15. In addition to being untimely, this claim is without merit.

The ACCA applies when a defendant has three prior convictions for a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis supplied). The

---

[7] Although *Gandy* involved the definition of a "crime of violence," the Eleventh Circuit Court of Appeals "has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

italicized language is known as the "residual clause." In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally vague. 576 U.S. at 597. While courts may no longer use the residual clause as the basis for an ACCA enhancement, *Johnson* did not cast doubt on the remainder of the statute. *Id.* at 606 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

To prove that a court erroneously applied the residual clause, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017). This means Defendant must show that it is more likely that the district court relied on the residual clause than the enumerated offenses clause or the elements clause. *Id.*

Here, Defendant offers nothing to suggest the district court relied on the residual clause in applying the ACCA enhancement. At his sentencing, the district court found four qualifying offenses under the ACCA: one "serious drug offense" and three "violent felonies." ECF No. 66 at 9, 64; ECF No. 67 at 19. The district court reviewed at length Defendant's prior convictions and determined that each satisfied the elements clause. The Eleventh Circuit concurred, finding Defendant had

at least three prior "violent felony" convictions under the ACCA without considering the residual clause. Because the court did not rely on the residual clause for Defendant's ACCA enhancement, Defendant's second claim fails on the merits.

### 3. Ground Three—Wrongful Application of the ACCA in light of *Jackson I*

Defendant's final ground for relief, addressed in the supplement (ECF No. 81), is that under *Jackson I*, his conviction for the sale of cocaine no longer qualifies as a predicate for an ACCA enhancement. Defendant claims that this cocaine conviction could have been for ioflupane, which was not encompassed in the federal controlled substance schedule at the time of his current felon in possession of a firearm offense. *Id.* at 2.

As a preliminary matter, even without the conviction for sale of cocaine, Defendant has three qualifying offenses required for an ACCA enhancement: the two bodily-harm battery convictions and the undisputed resisting arrest with violence conviction. Furthermore, after the Government preemptively addressed this claim (ECF No. 80 at 10–11, n.3) and Defendant filed his supplement, *Jackson I* was superseded by *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022) [hereinafter *Jackson II*]. The Court will address this claim using *Jackson II*.

The ACCA applies when a defendant has three previous convictions that are either "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e). A serious drug offense "means an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act)." *Id.*

In *Jackson II*, the defendant argued that his sale of cocaine convictions, in violation of Section 893.13(1), Florida Statutes, were not "serious drug offenses" under the ACCA because his convictions could have been for ioflupane, which was included in the Florida controlled substance schedule at the time of his sale of cocaine offenses, but no longer on the federal controlled substance schedule at the time of his federal offense for felon in possession of a firearm. 55 F.4th at 851. The court held that when deciding whether a substance is a "controlled substance" under the Controlled Substances Act and thus whether a conviction is a "serious drug offense," courts must look at the federal controlled substances schedule at the time defendant committed his prior state drug offense. *Id.* at 849. Next, if the state law— which the defendant is convicted of violating—punishes more conduct than the federal schedule at that time, the conviction cannot qualify as a "serious drug offense." *Id.* at 850. The *Jackson II* court held that because ioflupane was included

as a controlled substance under both the Florida and federal controlled substances schedules at the time of the defendant's prior state drug offenses, the defendant failed to show that his conviction encompassed conduct that was categorically broader. *Id.* at 861. Therefore, the court held that the defendant's prior sale of cocaine convictions were "serious drug offenses" under the ACCA. *Id.* at 862.

Applying the same reasoning to this case, at the time of Defendant's 2001 cocaine conviction, the Florida and federal schedules both criminalized the same substances, including ioflupane.[8] Therefore, Defendant's argument that his 2001 conviction for sale of cocaine cannot qualify as a "serious drug offense" under the ACCA because the relevant federal schedule did not contain ioflupane is without merit. Both schedules contained ioflupane. Thus even if this claim were timely, Defendant would not be entitled to relief.

## III. CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's claims because "the motion and files and records conclusively show that the prisoner is entitled to

---

[8] See Jackson II, 55 F.4th at 851, n.3–4 ("It's clear that [the Florida] definition encompassed ioflupane because the Florida Legislature has since amended Florida's Schedule II to expressly exempt ioflupane from that definition. . . . [Additionally,] [u]ntil 2015, ioflupane was, by definition, a [federal] schedule II controlled substance because it is derived from cocaine via ecgonine, both of which are schedule II controlled substances.") (internal citations omitted).

no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877. For the foregoing reasons, this Court finds that even ignoring the untimeliness of two of Defendant's claims, he has not met his burden of establishing that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Therefore, his motion should be denied in its entirety.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 77), as supplemented, be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Gainesville, Florida on May 1, 2024.

s/ Midori A. Lowry<br>
**MIDORI A. LOWRY**<br>
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may   on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.